UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BRAYAN GARCIA ONTIVEROS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN FCC LOMPOC,<br><br>　　　　　Respondent. | Case No. 2:23-cv-09562-JLS (MAA)<br><br>**ORDER OF DISMISSAL** |

I.   **SUMMARY OF PROCEEDINGS**

　　On November 2, 2023, Petitioner Luis Brayan Garcia Ontoveros (or "Ontiveros") signed a "Motion Pursuant to U.S.C. § 2241 Seeking Application of Earned Federal Time Credits Through the First Step Act (F.S.A.)" ("Petition"). (Pet., ECF No. 1.)  After the Petition was received and filed by this Court, the Clerk of Court issued a notice to Petitioner informing him that he was required either to pay the $5.00 filing fee or to submit a Request to Proceed without Prepayment of Filing Fees with Declaration in Support.  (ECF No. 2.)  On July 29, 2024, the Court issued an order instructing the Clerk to mark the filing fee in this case as "paid."  (ECF. No. 6.)

The Petition raised just one claim: that credits earned by Petitioner under the First Step Act ("FSA") had not been applied properly by the Bureau of Prisons ("BOP"). (Pet. 1-2.) The Petition alleged that Petitioner had a tentative release date of November 14, 2024, but had earned 60 days toward early release that had not been applied. (*Id*. at 2.) The only relief sought was that a new release date be calculated, taking into account the credits Petitioner had earned under the FSA. (*Id*. at 3.) If Petitioner had prevailed on this claim, he might have been released from custody in approximately mid-September 2024.

As events unfolded, however, Petitioner appears to have been released from BOP custody even earlier. According to the BOP's online "Inmate Locator" (available at https://www.bop.gov/inmateloc/), Petitioner was released from custody on July 31, 2024.[1] On August 1, 2024, the Court therefore issued an Order to Show Cause, no later than September 3, 2024, why this action should not be dismissed for mootness. (ECF No. 7.) The Court "**cautioned that failure to respond to this Order may result in dismissal of the Petition without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).** *See* **C.D. Cal. L.R. 41-1.**" (*Id*.)

On August 8, 2024, the Court's July 29 and August 1, 2024 Orders were returned as undeliverable. (ECF Nos. 8–9.) Not surprisingly, no response to the Order to Show Cause was received by the September 4, 2024 deadline. The Court therefore issued, on September 27, 2024, an Order to Show Cause why this action should not be dismissed for lack of prosecution. (ECF No. 10.) The Court again "**cautioned that failure to respond to this Order may result in dismissal of the Petition without prejudice for failure to prosecute and/or failure to comply**

---

[1] The Court takes judicial notice of the information contained on the BOP inmate locator website. *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the BOP inmate locator that is available to the public).

2

**with a court order pursuant to Federal Rule of Civil Procedure 41(b). See C.D. Cal. L.R. 41-1.**" (*Id.*)

On October 9, 2024, the Court's September 27, 2024 Order was returned as undeliverable. (ECF No. 11.) To date—again, not surprisingly—Petitioner has failed to respond. Petitioner also has failed to update his address with the Court as required by Local Rule 41-6, which states:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

C.D. Cal. L.R. 41-6.

## II.  LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure ("Rule") 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (upholding district court's dismissal of habeas petition for failure to prosecute under Rule 41(b)). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)), *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642. The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

## III. DISCUSSION

### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with

---

[2] The first two factors usually are reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

It appears that Petitioner was relatively attentive to this case when he was in custody. (*See* ECF Nos. 4–5.) Since his release from custody on July 31, 2024, however, his efforts to prosecute this matter have ended. This is understandable, both because Petitioner has already effectively obtained all relief that he sought in his Petition and because he has not received the Court's orders directing him to respond. Nonetheless, the Court has a pending case and an obligation to resolve this open matter, and Petitioner has both failed to comply with court orders for three months and failed to update his address as required by the Court's Local Rules. The Court therefore concludes that Petitioner's inaction and lack of communication with the Court constitute deliberate and unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors therefore weigh in favor of dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l*

5

*Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

As Petitioner has not updated his address, the Court cannot know for certain his reason for failing to prosecute this lawsuit or to comply with Court orders. The Court may suspect Petitioner has abandoned this case because he has already obtained the relief he sought, but he has not actually communicated that fact to the Court. This cannot excuse his failure to prosecute, however. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). As a "presumption of prejudice arises from the plaintiff's failure to prosecute," *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998), the third factor weighs in favor of dismissal.

### C.  Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Here, as Petitioner has not updated his address with the Court, no alternatives to dismissal without prejudice currently are available. *See Carey*, 856 F.2d at 1441 (concluding that there was no less drastic sanction available than dismissal where mail addressed to plaintiff was returned by the post office as undeliverable and plaintiff did not provide updated address to court). The fourth factor also weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). Here, while Petitioner's failure to update his address or to comply with court orders has stalled the case, it further appears that the Court would not be able to reach the merits of the case even if Petitioner had not abandoned it. As the only relief Petitioner sought was to be released from custody by mid-September 2024, and he was in fact released on July 31, 2024, the case would appear to be moot. While a habeas petition challenging a prisoner's underlying criminal conviction might not be mooted by the prisoner's release from custody, that is not the case here. Petitioner challenged nothing but the calculation of his release date—so now that he has been released from custody, there is no additional relief that the Court could grant. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (holding that habeas petition challenging parole revocation was moot after termination of petitioner's parole status); *Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) (holding that appeal from denial of habeas petition challenging prisoner's confinement to SHU was mooted by prisoner's release from custody, as the court could "no longer provide him the primary relief sought in his habeas corpus petition"); *Ohman v. Herrera*, 83 Fed. App'x 236, 236 (9th Cir. 2003) (holding that federal prisoner's habeas petition challenging the loss of good time credits was mooted by prisoner's release from custody); *Navarro v. Ricolcol*, ED CV 23-1528 DMG (MRW), 2023 WL 8375209, at *1 (C.D. Cal. Nov. 13, 2023) (same). Thus, while this factor may not weigh in favor of dismissing the case for failure to prosecute, it does not weigh against dismissal of the case, either. Given

the apparent mootness of this case, the public policy favoring disposition on the merits would not be forwarded by declining to dismiss this case now. At most, this factor is neutral.

### E. Dismissal Without Prejudice

Since at least four factors support dismissal, and none weigh against it, dismissal here is appropriate. *See Dreith*, 648 F.3d at 788–89. Even in cases where "the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court therefore concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV. CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice.

DATED: November 19, 2024

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE